UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ISAAC SCOTT CASTANEDA, | Case No. 1:20-cv-00377-NONE-JDP |
|---|---|
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |
| v. | |
| STU SHERMAN, | RESPONSE DUE IN FORTY-FIVE DAYS |
| Respondent. | ECF No. 1 |

Petitioner Isaac Scott Castaneda, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because it appears that the petition is untimely, we will order petitioner to show cause why his petition should not be dismissed.

**Discussion**

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (explaining that federal district courts may consider the timeliness of a

state prisoner's habeas petition to serve the interests of judicial efficiency). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with a one-year statute of limitations. For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A). However, a petition may also be timely under other specific circumstances. For example, the petition is timely if it is filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. § 2244(d)(1)(D). Additionally, tolling is available in certain cases. Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). A petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, petitioner was convicted in 2013, the state court of appeal affirmed his conviction on February 4, 2016, and the state supreme court denied review on April 20, 2016.[1] *Id*. at 2. Absent any statutory or equitable tolling, the one-year statute of limitations expired on July 19, 2017 under § 2244(d)(1)(A).[2] On December 14, 2018, over a year and a half after the federal statute of limitations expired, petitioner sought habeas relief from the state supreme court.[3] The

---

[1] Although petitioner did not supply the relevant dates of filing and disposition of his state-level post-conviction applications, we take judicial notice of these dates per Rule 201 of the Federal Rules of Evidence. *See* California Courts Case Information, https://www.courts.ca.gov/ (search "Search Case Information" for "Isaac Castaneda").

[2] We arrive at July 19, 2016 by adding 90 days to the date petitioner's application for review of his direct appeal before the state supreme court was denied. *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999) (explaining that conviction becomes final 90 days after the highest state court denies review of a direct appeal, which is the time for seeking review before the U.S. Supreme Court).

[3] Although the proper filing of a timely state habeas petition after a state court denies a direct appeal tolls the federal statute of limitations, *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), the filing of a state habeas petition after the federal statute of limitations has expired does not toll the statute of limitations.

2

state supreme court denied petitioner's habeas petition on May 1, 2019, and petitioner filed his federal petition on March 4, 2020. Because petitioner filed his federal petition nearly four years after his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, it appears that the petition is untimely under § 2244(d)(1)(A).[4] Where the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Therefore, the petitioner must explain to this court how his petition complies with § 2244(d).[5]

**Order**

Within forty-five days of the date of this order, petitioner is ordered to show cause why his petition should not be dismissed as untimely.

---

[4] Although petitioner did not advance an argument for timeliness under § 2244(d)(1)(D), he submitted declarations described as "newly discovered evidence" with his petition. ECF No. 1 at 6. Even if petitioner were to argue that his petition is timely under § 2244(d)(1)(D) because the "factual predicate" of his habeas claims could not have been discovered through the exercise of due diligence until years after his conviction, his argument would fail. The declarations from eight different individuals were signed and dated between September 2016 and September 2017. *See id.* at 11-36. Four of the individuals declared that the victim told them that he was unsure who had shot him on the day of the incident, *id.* at 11-23, and the other four individuals declared that petitioner was present with them at a social gathering on the day of incident, *id.* at 30-36. All this information was either discoverable at the time of trial or at the very latest before September 2017. Petitioner cannot show that he filed his state habeas petition, much less his federal petition, within one year of the discovery of the factual predicates of his claims, as required by § 2244(d)(1)(D). *See Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).

[5] Petitioner also seeks, in a separate motion, a stay of his petition under *Rhines* so that he may exhaust two of his claims at the state level. *See* ECF No. 2; *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot find a record of petitioner's currently pending state habeas petition. If petitioner has a state habeas petition currently pending, he must provide the court with the relevant information for the case, including the case number and filing date. The court declines to rule on petitioner's motion to stay until the instant order to show cause is discharged.

IT IS SO ORDERED.

Dated:   April 7, 2020                          /s/ Jeremy Peterson
                                                     UNITED STATES MAGISTRATE JUDGE

No. 206.