UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC SCOTT CASTANEDA,<br>Petitioner,<br>v.<br>STU SHERMAN,<br>Respondent. | Case No. 1:20-cv-00377-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY AND HOLD PETITION IN ABEYANCE<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 2<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR INTERVENTION IN STATE COURT PROCEEDINGS AND FOR A DECLARATORY JUDGMENT<br><br>ECF No. 13<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION<br><br>ECF No. 13 |

Petitioner Isaac Scott Castaneda, a state prisoner without counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2254.[1] ECF No. 1. Petitioner alleges three grounds for relief:

[1] As we stated previously, the petition appears untimely. ECF No. 9. However, petitioner alleges that he is innocent of the crimes of which he was convicted. ECF No. 10 at 2. "[A]ctual innocence, if proved, serves as a gateway through which a prisoner may pass" where he has failed to meet AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935-36 (2013). In the Ninth Circuit, "newly presented" evidence—evidence that was not presented at trial—may support a petitioner's claims of actual innocence. *See Griffin v. Johnson*, 350 F.3d

that (1) newly discovered evidence proves him innocent; (2) the state court erred when it failed to hold an evidentiary hearing to consider the newly-discovered evidence; and (3) the prosecution and his trial counsel made errors that, when considered cumulatively, violated his constitutional rights. *Id*. at 4-9. Before the court are petitioner's motion for a stay and abeyance so that he may fully exhaust his claims, ECF No. 2, and motions for various forms of relief, ECF No. 13 at 3-4.

## I. Discussion

### a. Motion for Stay and Abeyance of Petition

Petitioner has presented one fully exhausted claim and two unexhausted claims for relief.[2] In response to petitioner's motion for a stay and abeyance of his petition, we directed petitioner to submit additional briefing. ECF No. 12. Specifically, we supplied petitioner with information regarding the stay and abeyance procedures in the Ninth Circuit and directed him to notify this court whether he wished to proceed with his first claim only or whether he wished to proceed with his request for a stay under either *Rhines* or *Kelly*. *Id*.; *see Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Petitioner responded with a request to proceed under *Rhines*. ECF No. 13.

In our informational order, we informed petitioner that to be granted a stay under *Rhines* he must demonstrate that: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary

---

956, 963 (9th Cir. 2003). Here, petitioner has provided eight affidavits in support of his claim of innocence that were not presented at his trial. *See* ECF No. 1 at 11-36. At this time, we will not consider whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt," as required for petitioner to take advantage of the *Perkins* "gateway." *Perkins*, 133 S. Ct. at 1935-36. Rather, we simply note that petitioner has stated a potential ground for excusing the untimeliness of his petition. Respondent may challenge the timeliness of the petition in his responsive pleading; we will consider the issue once it is fully briefed.

[2] Petitioner's first claim, that newly discovered evidence proves his innocence, has been exhausted. His second and third claims—relating to trial court, prosecution, and defense counsel error—are currently pending in a state habeas petition. ECF No. 1 at 4-9.

circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), a petitioner must do more than simply assert that he was "under the impression" that his claim was exhausted, *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement." *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. *Id*. at 982.

Here, petitioner has not provided a reasonable excuse supported by evidence to justify his failure to exhaust. Petitioner's second claim—alleging trial court error related to the newly discovered evidence—could have been exhausted when he obtained the affidavits in 2016 and 2017. Petitioner's third claim—alleging prosecution and defense counsel error at trial—arose during petitioner's 2013 trial and should have been apparent to him either during the trial, or, at the very latest, at the time he acquired the affidavits in 2016 and 2017. The only excuse petitioner presents is that he is "untrained in law." ECF No. 13 at 4. However, mere ignorance of the law is insufficient to demonstrate good cause; such a determination "would render stay-and-abeyance orders routine" and would contravene *Rhines*' instruction that district courts should only stay mixed petitions in "limited circumstances." *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (noting that ignorance of the law does not constitute an excuse from due diligence); *Alcaraz v. Giurbino,* No. CIV S-05-1597, 2009 U.S. Dist. LEXIS 114017, at *2 (E.D. Cal. Dec. 8, 2009) (finding that ignorance of the law does not establish good cause for failure to exhaust).

Therefore, petitioner has not demonstrated good cause for his failure to exhaust his claims.[3] Accordingly, we recommend that petitioner's motion for a stay and abeyance of his petition be denied. ECF No. 2.

---

[3] Because petitioner has failed to meet the first prong of *Rhines*, we need not address the remaining prongs. However, we briefly note that petitioner's unexhausted claims do not appear "plainly meritless," and we have no reason to believe that petitioner engaged in "dilatory litigation tactics," such as "abusive litigation tactics or intentional delay." *See Rhines,* 544 U.S. at 278.

**b. Motion to Intervene in State Court Proceedings**

Petitioner moves for a court order requiring the California Supreme Court to "hear the grounds . . . pending before it" in petitioner's state habeas petition. ECF No. 13 at 3. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by [the] Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Under § 2254(a), we are authorized to inquire into the legality of the custody of a person detained "pursuant to the judgment of a State court." Our inquiry is limited to whether a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal habeas statute does not give federal courts authority to order state courts to conduct habeas proceedings in a certain manner. "[A]s a matter of comity and federalism, federal courts should not intervene in state court proceedings nor assume that state court judges will deny litigants their federal constitutional rights." *Gomez v. United States Dist. Court*, No. 92-70237, 1992 U.S. App. LEXIS 7931, at *7 (9th Cir. Apr. 20, 1992). Petitioner has not presented any authority supporting his request for our intervention in his state habeas proceedings. We deny his motion.

**c. Motion for Declaratory Judgment**

Petitioner moves for a "tenuous declaratory judgment" that his unexhausted claims "relate" to his exhausted claim.[4] ECF No. 13 at 3. "It is undisputed . . . that the exclusive federal remedy for a state prisoner seeking release from confinement is habeas corpus." *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984) (explaining that there is "no valid purpose for the maintenance of [a] claim for declaratory relief" where the petitioner's "constitutional rights can be redressed in [a] pending federal habeas corpus action"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973). Because petitioner asks us to make a determination that will ultimately affect whether his claims will be addressed on the merits in this action,

[4] To the extent petitioner seeks such a finding to support an argument that his claims "relate back" for purposes of a future amended petition under *Kelly*, his request is inapposite; he has not requested a stay under *Kelly*. *See Kelly*, 315 F.3d at 1070-71; *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009) (explaining that a habeas petitioner may proceed with an amended petition containing newly exhausted claims under *Kelly* if his newly exhausted claims are either timely under AEDPA's statute of limitations or relate back to his previously exhausted claims).

declaratory relief is inappropriate here. Petitioner's claims will be addressed according to the process provided in the Rules Governing Section 2254 Cases. Petitioner's request is denied.

**d. Motion to Amend Petition**

Finally, petitioner requests leave to amend his petition. ECF No. 13 at 4. "A habeas petition 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017) (quoting 28 U.S.C. § 2242). Because this is petitioner's first motion to amend, and we grant leave to amend once as a matter of course, we grant petitioner's motion.[5] *See* Fed. R. Civ. P. 15(a)(1).

The amended petition will supersede the original petition, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and so the amended petition must be complete on its face without reference to the prior, superseded petition, *see* E.D. Cal. Local Rule 220. Petitioner may not change the nature of his petition by adding new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Once an amended petition is filed, the original petition no longer serves any function. Therefore, in an amended petition, as in an original petition, petitioner must assert each claim in sufficient detail. The amended petition should be titled "First Amended Petition" and refer to the appropriate case number.

**II. Findings and Recommendations**

We recommend that the court deny petitioner's request for a stay and abeyance. ECF No. 2. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be

[5] As stated in our informational order, petitioner may wish to proceed with his exhausted claim only. ECF No. 12. Taking into consideration these findings and recommendations, this route may provide petitioner with his only avenue for seeking federal habeas relief in any form.

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

## III. Order

1. Petitioner's motion for intervention in his state habeas case is denied. ECF No. 13 at 3.
2. Petitioner's motion for a declaratory judgment is denied. ECF No. 13 at 3.
3. Petitioner's motion for leave to file an amended petition is granted. ECF No. 13 at 4.

IT IS SO ORDERED.

Dated: July 27, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.