UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC SCOTT CASTANEDA, | No. 1:20-cv-00377-NONE-JDP (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION TO STAY |
| STU SHERMAN, | |
| Respondent. | (Doc. Nos. 2, 14) |

Petitioner Isaac Scott Castaneda is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed simultaneously on March 4, 2020, with a motion to stay and hold petition in abeyance. (Doc. Nos. 1 & 2.) In his petition, petitioner argues new evidence in his case was discovered in 2017,[1] namely contradictory statements made by the victim, including statements suggesting a motive to fabricate. (Doc. No. 1.) Petitioner further argues that the evidence required a hearing in state court under applicable law, which did not take place, and that the "culmination of errors of both

---

[1] In his response to the magistrate judge's order to show cause why his petition should not be dismissed as untimely, petitioner states that the victim made his allegedly contradictory statements to one of the witnesses in June 2017. (Doc. No. 10.) In fact, that witness's affidavit, and the others bearing on this issue, aver that the victim made the statements in 2012. (Doc. No. 1, Exs. C–F.) Those affidavits were signed in 2017. (*Id.*)

1

the prosecution and defense attorneys violated petitioner's constitutional rights." (Doc. No. 1 at 8–9.) In his motion to stay, petitioner contends that only the issue of the newly discovered evidence is exhausted and that his other alleged grounds for relief are not. (Doc. No. 2.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 7, 2020, the assigned magistrate judge ordered petitioner to show cause why his petition should not be dismissed as untimely. (Doc. No. 9.) On June 5, 2020, after receiving petitioner's response, the magistrate judge ordered further briefing from petitioner, informing petitioner that he could elect to proceed on his one exhausted claim; that he could request a stay under *Rhines v. Weber*, 544 U.S. 269 (2005); or that he could request a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). (Doc. No. 12.) On July 14, 2020, petitioner elected to proceed by requesting a stay under *Rhines*. (Doc. No. 13.)

On July 27, 2020, the magistrate judge issued findings and recommendations recommending that the pending motion to stay and hold petition in abeyance be denied. (Doc. No. 14.) The magistrate judge found that petitioner had not met his burden under *Rhines*, which requires a petitioner to demonstrate good cause for the petitioner's failure to exhaust his or her claims. (*Id*. at 2–3.) The magistrate judge also denied petitioner's appended requests for the court to intervene in the state court proceedings and for the court to issue a declaratory judgment. (*Id*. at 4–5.) The magistrate judge granted petitioner's request to amend his petition. (*Id*. at 5.) Petitioner was given thirty days within which to file any objections to the findings and recommendations. (*Id*.) Petitioner has not filed any objections and the time to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

/////

/////

/////

Accordingly,

1. The findings and recommendations issued on July 27, 2020, (Doc. No. 14), are adopted in full; and
2. The motion to stay (Doc. No. 2) is denied.

IT IS SO ORDERED.

Dated: __**October 1, 2020**__  

_____
UNITED STATES DISTRICT JUDGE