UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC SCOTT CASTANEDA,<br><br>    Petitioner,<br><br>    v.<br><br>THERESA CISNEROS,[1]<br><br>    Respondent. | Case No. 1:20-cv-00377-NONE-HBK<br><br>ORDER DIRECTING RESPONDENT TO PROVIDE STATE COURT RECORD<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT ADDITIONAL BRIEFING<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner Isaac Scott Castaneda ("Petitioner" or "Castaneda") is proceeding *pro se* on his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 on March 2, 2020.[2] (Doc. No. 1). Respondent moved to dismiss the petition. (Doc. No. 24). Petitioner has not filed an

---

[1] Respondent moves to substitute Theresa Cisneros, the current warden of California Substance Abuse and Treatment Facility, as the Respondent in this case. The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). Accordingly, the Court will direct the Clerk of Court to substitute Theresa Cisneros as the Respondent in this case.

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002)

opposition and the time for doing so has passed. For the reasons stated below, the Court defers its ruling on Respondent's motion to dismiss in order to permit Respondent to submit supplemental briefing and the state court record.

## I. BACKGROUND AND APPLICABLE LAW

Petitioner is serving a state prison sentence for his conviction of, *inter alia*, attempted murder and possession of a firearm by a felon entered by the Kings County Superior Court, case no. 12CM1522HTA on February 13, 2014.[3] (Doc. No. 1 at 1). Petitioner's sentence was enhanced by findings of gang membership and gun possession. (*Id*.). Petitioner was sentenced to forty-five years to life for the attempted murder conviction, twenty-five years to life on the sentencing enhancements, and a stayed six-year term on the possession of a firearm conviction. (Doc. No. 24 at 1-2). Petitioner makes the following claims for relief: (1) newly discovered evidence proves he is innocent of his crimes of conviction; (2) the state court erred when it declined to hold a hearing on the newly discovered evidence; and (3) errors made by the prosecution and defense violated his constitutional rights. (Doc. No. 1 at 4-9).

Along with his petition, Petitioner moved to stay the case pending exhaustion of his claims before the state courts. (Doc. No. 2). The Court denied Petitioner's motion to stay. (Doc. Nos. 14, 15). On January 22, 2021, the Court ordered Respondent to respond to the petition (Doc. No. 20) and Respondent moved to dismiss the petition. (Doc. No. 24). Respondents argue that the petition was filed over twenty-one months after the expiration of AEDPA's statute of limitations and that the actual innocence exception to the statute of limitations should not apply to the petition. (*See generally id*.).

## II. APPLICABLE LAW AND ANALYSIS

Respondent contends that Petitioner filed his federal habeas petition over 21 months after the expiration of AEDPA's limitations period under 28 U.S.C. § 2244(d)(1)(A),[4] that he is not

---

[3] Although Petitioner did not provide his date of conviction in his petition, the Court takes judicial notice Petitioner's date of conviction on the Kings County Superior Court online case database under Federal Rule of Evidence 201. *See* https://cakingsportal.tylerhost.net/CAKINGSPROD/Home/Dashboard/29, last accessed October 12, 2021.

[4] Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

eligible for the "actual innocence gateway," and that he is not entitled to a later start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).[5] (*See generally* Doc. No. 24). Although Petitioner did not respond to Respondent's motion to dismiss, Petitioner argues in his earlier briefing that he should be entitled to gap tolling for the periods during which he was seeking state habeas review, thereby making his federal petition timely under 28 U.S.C. § 2244(d)(1)(A). (Doc. No. 10 at 2). Elsewhere in the briefing, Petitioner seeks equitable tolling due to the ineffectiveness of his trial and appellate counsel, arguing that he did not discover the factual predicate of his ineffective assistance of counsel claims until roughly October 2020, when he came into contact with a jailhouse lawyer. (*See generally* Doc. No. 19 at 1-12). In the alternative, Petitioner argues that he should be afforded equitable tolling of the statute of limitations under the narrow actual innocence gateway described in *Schlup v. Delo*, 513 U.S. 298 (1995) and *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Upon a cursory review of Petitioner's timeliness arguments, it does not appear that statutory gap tolling will make the petition timely. Further, it does not appear that Petitioner's claim of attorney error will afford him equitable tolling. However, in light of the discussion *infra*, the Court reserves to make findings and recommendations regarding the timeliness of the petition under statutory tolling or equitable tolling based on attorney error until the record can be more fully developed as to Petitioner's request for equitable tolling under the actual innocence gateway.

**A. Actual Innocence Gateway**

Petitioner argues that he is innocent of his crime of conviction. (Doc. No. 1 at 4-7). In support of his claim, Petitioner presents his own declaration and eight other affidavits. (*Id*. at 12-36). Four of these affidavits state that Petitioner was at a bar-be-que on the day of the shooting. The remaining affidavits state that the victim told Petitioner's sister and various acquaintances that he was unsure whether Petitioner was the shooter.

---

review."

[5] The one-year limitation period commences under 28 U.S.C. § 2244(d)(1)(D), on the "date when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

3

In *McQuiggin*, 569 U.S. at 383, the U.S. Supreme Court held that a federal habeas petitioner may be excused from meeting AEDPA's statute of limitations upon a showing of "actual innocence." *See also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). Under the "actual innocence gateway" of *Schlup*, a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002); *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir.1997) (en banc). If Castaneda presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316.

"[A] petitioner does not meet the [actual innocence] threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Id*. at 321. However, "[a] petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" *Majoy*, 296 F.3d at 776 (quoting *Schlup*, 513 U.S. at 316 and *Carriger*, 132 F.3d at 478).

Further, the federal habeas court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). This "new evidence" must only be newly presented, not newly available. *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (finding that medical records made before the start of trial, but not presented at trial, were "new evidence" in support of petitioner's actual innocence claim).

Here, the Court does not have the benefit of reviewing the entire state record below.

4

Based upon the record, it the Court cannot consider "all the evidence, old and new" in determining whether the testimony contained in the declarations submitted by Petitioner would have persuaded the jury to a different result. Therefore, the Court will direct Respondent to lodge the pertinent state court record in this case, including all trial transcripts and any other relevant trial record.

Further, the Respondent has failed to brief the Court's standard of review—whether no juror, acting reasonably, would have voted to find Petitioner guilty beyond a reasonable doubt in light of the evidence presented at trial and Petitioner's newly presented evidence. Rather, Respondent attacks the credibility of the declarants and the reliability of the declarations, arguing that the Court should discredit them. Respondent is directed to submit supplemental briefing which considers both the old and new evidence in this case under binding caselaw.

Accordingly, it is ORDERED:

1. Within twenty-one (21) days from the date of this order, Respondent shall lodge the pertinent state court record with the Court; and

2. Within twenty-one (21) days from the date of this order, Respondent shall submit supplemental briefing in accordance with this order.

3. Petitioner may file a reply, if any, to Respondent's supplemental briefing no later than fourteen (14) days after receipt of Respondent's supplemental briefing.

4. The Clerk of Court is directed to substitute Theresa Cisneros as the Respondent in this matter.

Dated:   October 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE